United States District Court
Southern District of Texas
**ENTERED**
September 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JANET LYNN PELC, D/B/A RESTORE RENEW, ET AL., | § § § § § § § § § § § | |
| Plaintiffs. | | |
| VS. | | CIVIL ACTION NO. 3:18–CV–00205 |
| AMY HOWARD, ET AL., | | |
| Defendants. | | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is (i) Defendants' Partial Motion for Summary Judgment on Plaintiffs' Causes of Action for Breach of Contract and Attorney's Fees (Dkt. 31); and (ii) Defendants' Partial Motion for Summary Judgment on Plaintiffs' Causes of Action for Common-Law Fraud and Violations of the DTPA (Dkt. 32). After carefully considering the motions, the opposition briefs, and the applicable law, I **RECOMMEND** that the motions be **DENIED** and this case proceed to trial.

### BACKGROUND

This lawsuit arises from a five-year business relationship between Plaintiffs Janet Lynn Pelc d/b/a Restore ReNew, Libby Golden d/b/a Another Look by Libby, and Lollie & Gigi Custom Painted Furniture (collectively, "Plaintiffs") and Defendants Artisan Studios, LLC d/b/a Amy Howard at Home ("AHAH") and Amy Howard. Plaintiffs operate a furniture restoration and home decor business. AHAH sells high-end, boutique paint

products. After trying AHAH's products, Plaintiffs became interested in the possibility of selling those products to the general public.

Plaintiffs and AHAH entered into a contract on September 17, 2013, by which Plaintiffs would purchase AHAH refinishing products and resell those products to the public through their businesses operating in Friendswood, Texas (the "2013 Contract"). As part of the contractual arrangement, AHAH agreed to provide Plaintiffs with the full line of AHAH products and, in return, Plaintiffs agreed to purchase a minimum dollar amount of AHAH products at regular intervals. The 2013 Contract also provided Plaintiffs "zip code protection"—that is, the exclusive right to sell AHAH products within a certain geographic area.

To the great surprise of Plaintiffs, AHAH entered negotiations with Ace Hardware sometime in 2015 to make the well-known retailer a nationwide distributor of AHAH products. When Plaintiffs learned of the proposed Ace Hardware-AHAH deal, they grew concerned that AHAH would breach the geographic exclusivity agreement. There were several Ace Hardware stores within a 10-mile radius of Plaintiffs' location, including one in the same shopping center as Plaintiffs' business. Plaintiffs were also concerned that they would be unable to compete with Ace Hardware's ability to advertise on a national scale.

Eager to allay Plaintiffs' concerns, AHAH agreed to provide Plaintiffs a 30 percent discount on all AHAH products. The 30 percent discount went into effect in November 2015 and continued in place for more than two years. In January 2018, however, AHAH informed Plaintiffs that it was revoking the 30 percent discount, purportedly because the Ace Hardware across the street from Plaintiffs had stopped selling AHAH products.

Plaintiffs did not take the news well, strongly disputing whether the nearby Ace Hardware store had discontinued selling AHAH products and expressing frustration at AHAH's actions. This lawsuit ensued.

In the present case, Plaintiffs advance causes of action for breach of contract, common law fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). Plaintiffs also seek to recover reasonable attorney's fees pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code.

## SUMMARY JUDGMENT STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact by either (1) presenting evidence that affirmatively demonstrates the absence of any genuine issue of material fact, or (2) after adequate time for discovery, demonstrating that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party cannot defeat summary judgment by resting on

mere denials or allegations but must set forth specific facts sufficient to raise a genuine issue of fact. *See id.* at 324.

In examining the summary judgment record, the court should do so in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. "Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *Hassen v. Ruston La. Hospitality Co., LLC*, 932 F.3d 353, 355–56 (5th Cir. 2019) (internal quotation marks, footnotes, and citation omitted).

## ANALYSIS

### A. BREACH OF CONTRACT

Plaintiffs first allege that AHAH breached the parties' 2013 Contract. Specifically, Plaintiffs allege that the Ace Hardware-AHAH deal, which allowed AHAH products to be sold in Ace Hardware stores nationwide, constituted a breach of the 2013 Contract's zip code protection provision that guaranteed Plaintiffs an exclusive geographic area in which to sell AHAH products.

In an effort to defeat the breach of contract claim, AHAH relies on the legal principle of novation, arguing that the 2013 Contract was abrogated when the parties agreed to replace it with a contract in which Plaintiffs received a 30 percent discount on AHAH's products. To properly address this argument, I must discuss the current state of Texas law on novation.

Novation is the creation of a new obligation in the place of an old obligation, accomplished by mutual consent with the intent to extinguish the old obligation. *See*

4

*Honeycutt v. Billingsley,* 992 S.W.2d 570, 576 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The essential elements of novation are: (1) a previous, valid obligation; (2) a mutual agreement of the parties to a new contract; (3) extinguishment of the old contract; and (4) the validity of the new contract. *See Vickery v. Vickery,* 999 S.W.2d 342, 356 (Tex. 1999). "Novation . . . is an affirmative defense to a claim for breach of contract. *See Fulcrum Cent. v. AutoTester, Inc.,* 102 S.W.3d 274, 277 (Tex. App.—Dallas, 2003, no pet.). A party asserting novation as an affirmative defense bears the burden of proof. *See CTTI Priesmeyer, Inc. v. K & O Ltd. P'Ship,* 164 S.W.3d 675, 680–81 (Tex. App.—Austin, 2005, no pet.).

A court may find novation when a "new agreement is so inconsistent with the earlier agreement that the two agreements cannot subsist together." *Id.* at 681. If there are no inconsistent provisions, "'a second contract will operate as a novation of a first contract only when the parties to both contracts intend and agree that the obligations of the second shall be substituted for, and operate as a discharge . . . of the first.'" *Id.* at 680–81 (quoting *Chastain v. Cooper & Reed,* 257 S.W.2d 422, 424 (Tex. 1953)). "The intent must be clear; novation is never presumed." *CTTI Priesmeyer, Inc.,* 164 S.W.3d at 681.

In this case, it is undisputed that the parties entered into a written contract and that contract provided Plaintiffs with geographic protection so other retailers would not sell AHAH products in the same general vicinity. Both parties also acknowledge that AHAH agreed in November 2015 to provide Plaintiffs with a 30 percent discount. What is not clear is whether AHAH's promise in November 2015 to provide a 30 percent discount on all products was intended to completely replace the existing 2013 Contract. Although

5

AHAH maintains that the parties intended to extinguish the 2013 Contract (and the zip code protection provision), Plaintiffs strenuously disagree. Plaintiffs argue that the 30 percent discount was given with the express understanding that the original contract would continue to remain in force. To support their position, Plaintiffs note that AHAH never told Plaintiffs that the contract was being amended or changed. Plaintiffs also point to emails from 2015 in which AHAH promised to provide the 30 percent discount and, at the same time, ask the local Ace Hardware stores to remove AHAH products from its shelves. According to Plaintiffs, this establishes that AHAH never intended to terminate the 2013 Contract containing the zip code provision.

Based on the summary judgment record currently before me, I cannot conclude as a matter of law that AHAH has met its burden in establishing that the parties intended to affect a novation. At best, there is a fundamental disagreement as to whether there was a meeting of the minds that a new agreement would replace the 2013 Contract. This is exactly the type of question that a fact-finder must decide at trial.

AHAH also argues that it is entitled to summary judgment on the breach of contract claim because the 2013 Contract was terminable at will since it contained indefinite duration terms. This argument fails to get past first base. Even if the agreement was terminable at will, the problem with AHAH's position is that there is no evidence that it ever terminated the contract. To the contrary, it is clear that AHAH did not terminate the contract in 2015 because it continued to sell paint under the contract to Plaintiffs for several years afterward. *See Mobil Expl. and Producing U.S., Inc. v. Dover Energy Expl., L.L.C.*, 56 S.W.3d 772, 779 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("[B]ecause the

defendant had received full performance from the plaintiffs and had accepted the benefits of its agreement, it could not turn around and repudiate its obligation."). Accordingly, I recommend denying AHAH's motion for summary judgment on Plaintiffs' breach of contract claim.

**B.    ATTORNEY'S FEES**

In the Second Amended Complaint, Plaintiffs assert that they are entitled to recover attorney's fees for its breach of contract claim under section 38.001(8) of the Texas Civil Practice and Remedies Code. Section 38.001 provides:

> RECOVERY OF ATTORNEY'S FEES. A person may recover reasonable attorney's fees from **an individual or corporation**, in addition to the amount of a valid claim and costs, if the claim is for . . . . (8) an oral or written contract.

TEX. CIV. PRAC. & REM. CODE § 38.001 (emphasis added). The problem here is that the party against whom attorney's fees are sought, AHAH, is neither an individual or a corporation. It is a limited liability company, and Texas law prohibits the award of attorneys' fees against a limited liability company under Chapter 38. *See BHL Boresight, Inc. v. Geo-Steering Sols. Inc.*, No. 4-15-CV-00627, 2017 WL 2730739, at *18–19 (S.D. Tex. June 26, 2017) (collecting cases and explaining that the Texas courts that have considered the issue have "overwhelmingly concluded that § 38.001 [of the Texas Civil Practice and Remedies Code] does not support recovery of attorney's fees from an LLC"); *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 452–55 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding that a party cannot recover attorney's fees against an LLC under Chapter 38).

7

Apparently recognizing this high legal hurdle, Plaintiffs do not even bother responding to AHAH's arguments on why dismissal of the attorney's fees claim is appropriate. "When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss . . ., the claim is deemed abandoned." *Hernandez v. City of Grand Prairie Tex.*, No. 3:16-cv-2432-L, 2017 WL 4098596, at *13 (N.D. Tex. Sept. 15, 2017). Because AHAH has conceded the impropriety of its attorney's fees claim, the request for attorney's fees is deemed abandoned and is no longer before me.

### C. COMMON LAW FRAUD

Next, Defendants request summary judgment on Plaintiffs' common law fraud claim. The elements of fraud in Texas are oft-repeated: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff actually and justifiably relied on the representation; and (7) the representation caused the plaintiff injury. *See Ernst & Young, LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Plaintiffs allege three distinct groups of misrepresentations. First, Plaintiffs claim they relied on Defendants' repeated promises that zip code protection would be honored. Those promises, Plaintiffs allege, were false when made because Defendants understood the AHAH-Ace Hardware agreement expressly allowed Ace Hardware to sell AHAH products across the United States without any geographic limitations. Second, Plaintiffs

8

contend that Defendants promised that the 30 percent discount would be indefinite but had no intention of ever honoring that pledge; "instead, they used that false promise to induce one of their very largest and most successful retailers (Plaintiffs) to continue on with AHAH with the full intent to cancel that discount whenever AHAH wanted." Dkt. 34 at 15–16. Third, Plaintiffs contend that Defendants failed to fulfill their repeated promises to supply the full line of AHAH products to Plaintiffs. According to Plaintiffs, AHAH's refusal to sell the full line of paint products to Plaintiffs put them at a competitive disadvantage because local Ace Hardware stores were provided the allegedly discontinued products.

In their summary judgment motion, Defendants argue that the common law fraud claim fails as a matter of law because the alleged statements were neither false nor misleading. It is true that a jury might ultimately determine that the alleged statements were neither false nor misleading. At this stage of the proceedings, however, the relevant legal question is whether there is a genuine issue of material fact. Plaintiffs have provided competent summary judgment evidence in the form of a declaration from Janet Pelc, setting forth the alleged misrepresentations, explaining that Plaintiffs relied on the misrepresentations, and describing the damages incurred as a result. In short, I believe this case presents a classic situation in which there are genuine issues of material fact relating to the fraud claim that can only be resolved at trial. Summary judgment is inappropriate on this claim.

**D.     DTPA**

Lastly, Defendants seek summary judgment on Plaintiffs' DTPA claim. The DTPA prohibits "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." TEX. CIV. PRAC. & REM. CODE 17.50(a). To prevail on a claim under the DTPA, Plaintiffs must establish the following elements: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dal., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

The alleged false, misleading, and deceptive acts at issue here are the same alleged misrepresentations that form the basis of Plaintiffs' fraud claim. For the same reasons discussed above with respect to the fraud claim, Defendants' motion for summary judgment on the DTPA claim should be denied.

In reviewing the summary judgment evidence, the district court "must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. In so doing, [the district court] must disregard all evidence favorable to the moving party that the jury is not required to believe." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002) (citation omitted). Here, although Defendants assert that there is no proof that Defendants have committed a false, misleading, or deceptive act within the meaning of the DTPA, Plaintiffs have certainly presented some evidence that satisfies its summary judgment burden. Viewing the evidence in the light most favorable to Plaintiffs, as I must at the summary judgment stage,

I conclude that there is the existence of a genuine issue of material fact. Summary judgment on the DTPA claim should be denied.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that Defendants' Partial Motion for Summary Judgment on Plaintiffs' Causes of Action for Breach of Contract and Attorney's Fees (Dkt. 31) and Defendants' Partial Motion for Summary Judgment on Plaintiffs' Causes of Action for Common-Law Fraud and Violations of the DTPA (Dkt. 32) be **DENIED** and this case proceed to trial.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 24th day of September, 2019.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE